UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>**Faith Copp**</u>

  **v.**          Case No. 05-cv-214-PB

<u>**Freudenberg-NOK General
Partnership, et al.**</u>

<u>NOTICE OF RULING</u>

  Re: <u>Document No. 23, Motion to Reconsider</u>

  **Ruling**: Motion granted. When I ruled on the motion to dismiss, I mistakenly assumed that Freudenberg & Company was a partner in Freudenberg - NOK General Partnership. After reviewing the affidavit submitted by Freudenberg & Company in support of its motion to dismiss for lack of personal jurisdiction, I now understand that Freudenberg & Company is the owner of two corporations that in turn are partners in a partnership that is itself a partner in Freudenberg-NOK General Partnership. Because Freudenberg & Company is a shareholder of corporations that are partners in a chain of partnerships leading to FNGP rather than a partner in FNGP, it is not entitled to protection under the Workers' Compensation immunity provision unless it is the alter ego of the corporations it owns. <u>See Leeman v. Boylan</u>, 134 N.H. 230, 233 (1991). This is an issue that cannot be determined on a motion to dismiss. Plaintiff's claim against Freudenberg & Company is reinstated. I will rule on the personal jurisdiction issue in a separate order.


Date:  January 3, 2006

cc:   Andrew D. Dunn, Esq.
     Matthew J. Lahey, Esq.